## LAMBERT *v.* BARRETT.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW JERSEY.

No. 771. Submitted November 11, 1895. — Decided November 18, 1895.

The several questions raised by the counsel for the petitioner are matters for the determination of the courts of the State, and their determination there adversely to the petitioner involves no denial of due process of law, or the infraction of any provision of the Constitution of the United States.

The administration of justice ought not to be interfered with on mere pretexts.

THIS is an appeal from a final order of the Circuit Court of the United States for the District of New Jersey, denying the petition of Theodore Lambert for a writ of *habeas corpus.* It appeared from the petition that Lambert was convicted by the verdict of a jury, June 15, 1894, of the murder of William Kairer, in the court of oyer and terminer and general jail delivery of Camden County, New Jersey, and sentenced, October 13, to be hanged on December 13, 1894; that on the

fourth of December the governor of New Jersey granted a reprieve, suspending the execution of the sentence until January 3, 1895, and on December 22, 1894, issued a death warrant for the execution of Lambert on said third of January; that on December 29, 1894, application was made to one of the judges of the Circuit Court of the United States for the Third Circuit for a writ of *habeas corpus,* which was denied, and on January 2 an appeal was taken to this court; that on the same day a citation was issued to Barrett, sheriff of the county of Camden, in whose custody petitioner was, together with an order by one of the justices of this court, staying the execution of Lambert "until the further order of this court." It also appeared that the appeal was heard in this court March 25, 1895, and the appeal thereafter dismissed for want of jurisdiction, and a mandate to that effect was duly issued, but that it was not filed nor any entry of final judgment made in the Circuit Court. Petitioner further averred that on May 28, 1895, the governor issued another death warrant to the sheriff of Camden County, directing the execution of the death sentence on the 27th of June following; that on June 5, 1895, a petition was presented to the Supreme Court of New Jersey for a writ of *habeas corpus* to inquire into the cause of the detention of Lambert, and that the same was granted and made returnable on June 10, and after hearing argument the court held that Lambert was lawfully in custody; that subsequently application was made to the Chancellor of the State for a writ of error to remove the last mentioned judgment to the Court of Errors and Appeals, which was refused.

Petitioner charged that under section 766 of the Revised Statutes any proceedings to carry out the judgment against him by or under the authority of the State of New Jersey before final judgment was entered in the Circuit Court were null and void, and that as such judgment had not been entered, the sheriff restrained him of his liberty for the purpose of carrying the death warrant into execution in violation of that statute of the United States; that the governor had no prerogative, right, or authority under or by virtue of the laws of New Jersey to grant the reprieve or issue the death war-

rant; and that the second death warrant was in the nature of a new sentence, which could not be had without the presence of petitioner, and placed petitioner twice in jeopardy of his life; all of which was in violation of the Constitution and laws of the United States.

*Mr. John L. Semple* for appellant.

*Mr. Wilson H. Jenkins* for appellee.

Mr. CHIEF JUSTICE FULLER, after stating the case, delivered the opinion of the court.

By section 766 of the Revised Statutes, where an appeal from the final decision of a Circuit Court of the United States, denying the writ of *habeas corpus* to a person alleging restraint of his liberty by state authority in violation of the Constitution or laws of the United States, is "in process of being heard and determined," any proceeding against such person in respect of the matter under consideration is to be deemed null and void. As no order staying proceedings under state authority is made a condition to such stay, the bare pendency of the appeal has that effect, and in consequence many applications for *habeas corpus* have been made to the Circuit Courts, and, on denial, many appeals taken to this court on inadequate and insufficient grounds. It is natural that counsel for the condemned in a capital case should lay hold of every ground which, in their judgment, might tend to the advantage of their client, but the administration of justice ought not to be interfered with on mere pretexts.

When in the instance of the first application for *habeas corpus* made by this petitioner, the appeal to this court was dismissed, the supersedeas fell with the disposition of the case; and when final judgment was entered here, and especially after the mandate had issued, the authorities of the State had power to proceed, although the mandate may have been, as is said, delivered to them instead of to the Circuit Court. *In re Jugiro*, 140 U. S. 291, 295, 296.

The constitution of New Jersey provides that the governor

may grant reprieves "to extend until the expiration of a time not exceeding ninety days after conviction;" and by section 123 of the Criminal Procedure Act of that State, it is provided that when a reprieve is granted to any convict sentenced to the punishment of death and he is not pardoned, it shall be the duty of the governor to issue his warrant to the sheriff of the proper county for the execution of the sentence at such time as is therein appointed and expressed. It is contended that if there is no reprieve there can be no warrant; that there was no authority to issue either, except within ninety days after conviction; and that appellant must be brought before the trial court and a new date be fixed for the execution. But these are matters for the determination of the state courts, and they appear to have been passed upon adversely to the petitioner. That result involves no denial of due process of law, or the infraction of any provision of the Constitution of the United States. *Lambert* v. *Barrett,* 157 U. S. 697; *Holden* v. *Minnesota,* 137 U. S. 483; *Schwab* v. *Berggren,* 143 U. S. 442; *McElvaine* v. *Brush,* 142 U. S. 155, 159; *In re Cross,* 146 U. S. 271, 278.

*Order affirmed.*