**MARSINO v. HOGSETT et al.**

District Court, D. Massachusetts. January 2, 1930.

No. 4152.

See, also, Marsino v. Higgins (D. C.) 10 F.(2d) 534, and Marsino v. Commonwealth, 252 Mass. 224, 147 N. E. 859; 37 F.(2d) 409.

Peter V. Maggio, of Everett, Mass., for plaintiff.

Joseph E. Warner, Atty. Gen., and S. D. Bacigalupo, Asst. Atty. Gen., for defendant Hogsett.

Charles B. Rugg, Dist. Atty., of Worcester, Mass., for other defendants.

MORTON, District Judge. This is a petition for habeas corpus directed to the warden

of the Massachusetts State Prison. The Chief Justice and an associate justice of the Superior Court, and the district attorney for the middle district of Massachusetts are joined as defendants, but by agreement of parties the petition is abandoned as to them and may be dismissed. The matter was heard on the respondent's suggestion that no case is stated for the issue of the writ, in effect an oral demurrer to the petition.

■■ In these proceedings nothing is open to the petitioner, except the question whether he has been illegally deprived of rights secured to him by the Constitution or statutes of the United States. He has been twice to the United States Supreme Court on matters arising out of the prosecution in question. Marsino v. United States, 270 U. S. 627, 46 S. Ct. 206, 70 L. Ed. 768; Marsino v. Commonwealth of Mass., 271 U. S. 642, 46 S. Ct. 472, 70 L. Ed. 1127. In the first of these cases, it was held that the Attorney General of the United States did not exceed his powers in directing that the petitioner, while confined in execution of a federal sentence, be taken into the state court for trial there upon a State indictment against him. In the second case, which was a writ of error to the superior court of Massachusetts, all questions of double punishment and conflict of jurisdiction in their various aspects were open. The affirmation of the judgment upon the ground that no federal question was involved is a complete decision that the state proceedings did not violate the petitioner's rights under the federal Constitution. He cannot retry these questions on habeas corpus.

■ The petition presents, however, one federal question, which seems not to have been raised at the trial in the state court, nor to have been considered by the United States Supreme Court. It arises under Rev. St. § 766, 28 USCA § 465. The trial in the state court took place after the dismissal of his habeas corpus petition by this court, and while the petitioner's appeal from such dismissal was pending in the United States Supreme Court; the petition was dismissed on May 16, 1924, the appeal was filed May 17, 1924, the trial in the state court began May 19, 1924, the verdict of guilty was returned on May 29, 1924, and the sentence under which the petitioner is confined was imposed on the same day. The decision of the United States Supreme Court on the appeal was not handed down until January 25, 1926.

Section 766 reads as follows: "Pending the proceedings or appeal in the cases mentioned in the three preceding sections, and until final judgment therein, and after final judgment of discharge, any proceeding against the person so imprisoned or confined or restrained of his liberty, in any State court, or by or under the authority of any State, for any matter so heard and determined, or in process of being heard and determined, under such writ of habeas corpus, shall be deemed null and void."

This statute has been construed as applying to cases in which the writ had been denied in the lower court, In re Shibuya Jugiro, 140 U. S. 291, 11 S. Ct. 770, 35 L. Ed. 510; Lambert v. Barrett, 159 U. S. 660, 16 S. Ct. 135, 40 L. Ed. 296; McKane v. Durston, 153 U. S. 684, 14 S. Ct. 913, 38 L. Ed. 867; and to invalidate state proceedings taken in violation of its provisions. Ebanks v. Hale, 168 U. S. 707, 18 S. Ct. 942, 42 L. Ed. 1214; Id. (D. C.) 84 F. 311; Ex parte Martin (C. C.) 180 F. 209.

In view of the language of the statute and of these decisions under it, there is in my opinion such probable doubt as to the legality of the petitioner's confinement as to make it proper that the writ should issue. The final determination of his rights should be made on the question of discharge.

Writ to issue against Hogsett returnable January 6, 1930, at 2 p. m.

Petition dismissed as to the other defendants.