**CARR v. LANAGAN, Warden of Massachusetts State Prison.**

No. 6712.

District Court, D. Massachusetts.

May 5, 1943.

William V. Carr, of Charlestown, Mass., pro se.

No attorneys for respondent.

FORD, District Judge.

The petitioner, William V. Carr, now confined in the Massachusetts State Prison, at Boston, has filed a petition for writ of habeas corpus under Section 453, 28 U.S. C.A. The petition is accompanied by an affidavit alleging that he is without funds and requesting that he be permitted to file the petition in forma pauperis under the provisions of 28 U.S.C.A. § 832.

The alleged facts as set forth in the petition are as follows:

On June 1, 1939, in the State of Rhode Island, the petitioner pleaded nolo to a charge of fraudulently receiving certain merchandise, was adjudged guilty and sentenced to the Providence County Jail for five months. On February 12, 1940, after serving the sentence, the petitioner was brought before the Superior Court for the Commonwealth of Massachusetts to plead to an indictment containing three counts: (1) breaking and entering a building with intent to commit larceny; (2) larceny; and (3) receiving. The petitioner pleaded not guilty to all counts and was found not guilty of receiving but guilty of the charges alleged in the remaining two counts. He was sentenced to the Massachusetts State Prison for a term of not more than ten years and not less than eight years. On October 29, 1942, the petitioner forwarded to the Clerk of the Superior Judicial Court of Massachusetts a petition for writ of error, c. 250, § 1, et seq., Annotated Laws of Massachusetts, and an application for leave to proceed in forma pauperis. The Clerk's reply was to the effect that since there was no statute in Massachusetts providing for the bringing of proceedings in forma pauperis the petition could not be filed without the regular filing fee of three dollars.

The petitioner alleges that "breaking and entering a building with intent to commit larceny" is not a crime under the laws of Massachusetts and that because of his conviction under an indictment charging him with such, he has not been accorded due process of law within the meaning of the Fourteenth Amendment. It is further alleged that the petitioner was denied the "equal protection of the laws" as guaranteed by the Fourteenth Amendment in that he was refused the right to petition for a writ of error. And, finally, the petitioner alleges that the failure of the Superior Court of Massachusetts to give full faith and credit to the judicial proceeding in Rhode Island was in violation of the "full faith and credit" clause of Article 4, Section 1, of the Constitution of the United States.

■ Orderly procedure requires that before a federal court is asked to issue a writ of habeas corpus in the case of a person held under State commitment, the person seeking his liberty must first make recourse to whatever judicial remedy he may have in that State. Mooney v. Holohan, 294 U.S. 103, 115, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406; Urquhart v. Brown, 205 U.S. 179, 181, 182, 27 S.Ct. 459, 51 L. Ed. 760. Petitioner here can still apply for a writ of error under the laws of Massachusetts, Annotated Laws of Massachusetts, c. 250, § 1 et seq. However, being without funds and since the laws of Massachusetts do not provide for proceedings in forma pauperis, as a practical matter, we shall assume, arguendo, the petitioner has exhausted his remedies in Massachusetts. The question then is whether there is any merit to the allegations appearing in his petition.

■ Under Section 453, 28 U.S.C.A.,[1] for petitioner to obtain the relief sought, it must appear that he is held in custody in violation of the Constitution of the United States. Rogers v. Peck, 199 U.S. 425, 434, 26 S.Ct. 87, 50 L.Ed. 256. And if he is being held because of a conviction on a criminal charge before a court having jurisdiction over the offense, the person of petitioner, and the place where it was committed, he cannot have relief on habeas corpus. Frank v. Mangum, 237 U.S. 309, 326, 35 S.Ct. 582, 59 L.Ed. 969. A criminal prosecution in a State based upon a law not in itself contrary to the Federal Constitution, and conducted according to the established laws of the State, is "due process" so long as it includes notice and a hearing or an opportunity to be heard before a court of competent jurisdiction. Frank v. Magnum, supra, 237 U.S. at page 326, 35 S.Ct. 582, 59 L.Ed. 969; Felts v. Murphy, 201 U.S. 123, 129, 26 S.Ct. 366, 50 L.Ed. 689.

■ In the present case, the Massachusetts indictment charged that the petitioner "did break and enter a certain building with intent to commit larceny". That this is a crime under the laws of Massachusetts cannot be doubted. Section 16 of the Annotated Laws of Massachusetts, c. 266 provides for punishment by imprisonment in the state prison for not more than twenty years for "whoever, in the night time, breaks and enters a building, * * * with intent to commit a felony, * * *". Section 18 provides for punishment by imprisonment in the state prison for not more than ten years for "whoever * * *

---

[1] "The writ of habeas corpus shall in no case extend to a prisoner in jail unless he is * * * in custody in violation of the Constitution or of a law or treaty of the United States * * . *."

breaks and enters in the day time a building, * * * with intent to commit a felony". The fact that the indictment failed to state the time of day the offense was committed is immaterial, except that the accused could only be punished for the lesser offense. Commonwealth v. Reynolds, 122 Mass. 454. Thus it is clear that there has been no denial of due process of law as alleged in the petition, the petitioner having been indicted, convicted, and imprisoned for an act which is a crime under the laws of Massachusetts.

■■ As to the requirement of a filing fee by Massachusetts as a condition precedent to obtaining a writ of error, it is clear that a State may supply such corrective process as to it seems proper. Frank v. Mangum, supra, 237 U.S. at page 335, 35 S.Ct. 582, 59 L.Ed. 969. In fact, the Fourteenth Amendment does not require a State to provide for an appellate review in criminal cases. Reetz v. Michigan, 188 U.S. 505, 508, 23 S.Ct. 390, 47 L.Ed. 563; Rogers v. Peck, supra. However, Massachusetts did supply a procedure for the correction of errors of law and fact in criminal cases, General Laws, (Ter. Ed.) c. 250, § 9, but in doing so it failed to provide for proceedings of this sort in forma pauperis. This can hardly be said to violate the equal protection clause of our Fourteenth Amendment. It is reasonable to require a filing fee. The amount is small. The Commonwealth has a right to protect itself against its dockets being crowded with groundless suits and also to provide for a partial liquidation of the costs of litigation in its courts. The requirement of a filing fee is reasonable with respect to this procedure which the State was under no compulsion to provide. Having so provided for a corrective process, Massachusetts could certainly make reasonable requirements with respect to it.

■ It does not appear that the Massachusetts trial court violated the "full faith and credit" clause of the Federal Constitution. Petitioner is now imprisoned for breaking and entering and for larceny. He served a sentence in Rhode Island for receiving. There are no facts appearing in the petition which indicate that the Massachusetts court was asked to recognize the Rhode Island conviction or that the facts with respect to the receiving charge were the same as those embraced in the larceny charge. Further, the sentence was justified on the breaking and entering

charge alone and the question of double jeopardy does not arise. Further, if the crime for which the defendant was punished involved the same subject matter, Rhode Island and Massachusetts being separate sovereignties, have the power to deal with it separately. United States v. Lanza, 260 U.S. 377, 382, 43 S.Ct. 141, 67 L.Ed. 314.

For the reasons appearing above, the writ is denied and the petition is dismissed.