### POTTS v. DOWD, Warden.

### No. 8445.

Circuit Court of Appeals, Seventh Circuit.

March 10, 1944.

Frank E. Potts, of Michigan City, Ind., in pro. per.

James E. Emmert, Atty. Gen., of Indiana, and Alfred F. Dowd, for respondent.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellant sought, in the District Court, a mandatory injunction against appellee, the Warden of the penitentiary where he is confined as a prisoner of the state of Indiana, compelling appellee to permit him to receive certain letters and literature and to mail from the prison certain communications. Upon motion, the complaint was dismissed for want of equity.

The situation is not to be distinguished from that presented in Kelly v. Dowd, Warden, 7 Cir., 140 F.2d 81. We there asserted that the extraordinary remedy of injunction should be employed to interfere with the autonomy of the state as reflected by the action of the commonwealth itself or by that of the depositories of its delegated powers only under extraordinary circumstances; that a proper and decent sense of comity demands that petitioner present his application to the state court in the first instance rather than resort to a plea to the federal court to intervene in or review the administration of statutory duties of state authorities. Thus in Rogers v. Peck, 199 U.S. 425, 26 S.Ct. 87, 89, 50 L.Ed. 256, where petitioner complained of her solitary confinement as being without due process of law, the court said: "If her custodian is improperly restricting her freedom more than is necessary or legal under state law, there is no reason to suppose that the state authorities will not afford the necessary relief. And certainly there is nothing in this branch of the case to justify Federal interference with the local authority intrusted with the keeping of the prisoner."

The judgment is affirmed.