**C. T. SHAFFER, Plaintiff,**

**v.**

**Claude Lee BRIDGES, Individually and as Justice of the Peace of District Four, Holmes County, Mississippi, et al., Defendants.**

**Civ. A. No. 4058.**

United States District Court
S. D. Mississippi,
Jackson Division.

Feb. 4, 1969.

**870**

Martha Wood, Robert Brian Fitzpatrick, Jackson, Miss., for plaintiff.

Joe T. Patterson, Atty. Gen., State of Mississippi, Will S. Wells, Asst. Atty. Gen., Jackson, Miss., for defendants.

Before COLEMAN, Circuit Judge, and COX and RUSSELL, District Judges.

PER CURIAM.

 The plaintiff, by amended complaint, attacks the constitutional validity of certain statutes of Mississippi regulating jury practice before Justices of the Peace in criminal cases. The sole issue thus presented to the Court in this case is as to whether or not §§ 1202, 1803, 1832, 1839, 2435, 2535 and 3915, Mississippi Code 1942 are unconstitutional *on their face* and not as applied or enforced. Significantly, § 1836 Mississippi Code 1942 is not attacked.[1] It must be noticed that under that statute the jury is drawn for a Justice of the Peace Court to be composed of six persons "competent to serve as jurors in the circuit court." Each party has two peremptory challenges and as many more as he can show sufficient cause for. The statute provides: "Others may be summoned until a jury is made up, to consist of six, against whom legal objections shall not exist." That statute by such reference thereto effectually incorporates therein § 1762 et seq. Mississippi Code 1942 as amended by Senate Bill 1927, Mississippi Laws 1968 providing that "every citizen not under twenty-one years of age, who is either a qualified elector or a resident freeholder of the county for more than one year, is able to read and write, and has not been convicted of an infamous crime or the unlawful sale of intoxicating liquors within a period of five years and who is not a common gambler or habitual drunkard, is a competent juror." The statutory scheme clearly embraces sufficient safeguards for a fair jury in the Magistrate's court, composed of a fair cross-section of the citizens of the community, completely without regard to race or sex. The Justice of the Peace must conform his judgment to the verdict of such a jury and he is not the prosecutor and the judge as the complaint so fallaciously states as a conclusion.

 The complaint is couched in conclusions which have been worn threadbare without any proof in this dis-

1. Section 1836 Mississippi Code 1942 provides: "On or before the return-day of the process either party may demand a trial by jury, and thereupon the justice of the peace shall order the proper officer to summon six persons, competent to serve as jurors in the circuit court, to appear immediately, or at such early day as he may appoint, whether at a regular term or not, who shall be sworn to try the case; but each party shall be entitled to challenge peremptory two jurors, and as many more as he can show sufficient cause for. If a sufficient number of jurors shall not appear, others may be summoned until a jury is made up, to consist of six, against whom legal objections shall not exist. If the jury fail to agree, it may be discharged and another jury summoned, and so on until a verdict is obtained, and judgment shall be entered by the justice on the verdict."

trict.[2] The plaintiff in this case against these same defendants (initially in original complaint here) was plaintiff in a damage suit in Civil Action No. 4081 on the docket of this Court before Judge COX, and went to trial before a jury of men and women of both races as against the two highway patrolmen, resulting ultimately in a verdict for the patrolmen. It was shown that the plaintiff drove his auto off the hard surfaced highway, and uprooted several very large deeply set posts and sections of fence before coming to a halt. The issue in that case was as to whether or not the defendants (arresting officers) beat and mercilessly abused the plaintiff (Shaffer). The facts showed that Shaffer had a small bottle about one-fourth full of moonshine whiskey of extremely high proof in the glove compartment of his car. Shaffer claimed to have blacked out with a dizzy spell to cause the one car auto accident. The jury simply decided that he was not mistreated by the officers in making the arrest and that no more force was used by the officers in making his arrest than was necessary under the circumstances. The officers proved that he did resist arrest and was reaching his hand into his hip pocket where a knife was found when the officer making the arrest struck Shaffer across the mouth with his open hand. This Court must and does take judicial notice of the facts and circumstances and outcome of that trial before a mixed jury in this Court last week.

 This Court has carefully examined and considered all of the criticisms leveled at said §§ 1202, 1803, 1832, 1839, 2435, 2535 and 3915 and fails to find any authority in plaintiff's brief, or on independent research [3] to support a conclusion that the plaintiff here will be denied a fair jury, or a fair trial of his case before the Magistrate in Holmes County, Mississippi.[4] Title 28 U.S.C.

2. While the issues here are expressly limited to the facial validity of these statutes, the complaint is replete with false conclusions as to the administration of justice in the area, and with respect thereto, a cognate legal principle is well stated in City of Greenwood v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 where it is said: "It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptibly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. The motives of the officers bringing the charges may be corrupt, but that does not show that the state trial court will find the defendant guilty if he is innocent or that in any other manner the defendant will be 'denied or cannot enforce in the courts' of the State any right under a federal law providing for equal civil rights, etc."

3. It must be noted that under the statutory scheme in this state on an appeal from the Justice of the Peace Court in a criminal case that it is heard and decided de novo or anew, thereby curing any initial defect in the processes. In Frank v. Mangum, 237 U.S. 309, 35 S.Ct. 582, 587, 59 L.Ed. 969 it is said: "And while the 14th Amendment does not require that a state shall provide for an appellate review in criminal cases (McKane v. Durston, 153 U.S. 684, 687, 14 S.Ct. 913, 38 L.Ed. 867, 868; Andrews v. Swartz, 156 U.S. 272, 275, 15 S.Ct. 389, 39 L.Ed. 422, 423; Rogers v. Peck, 199 U.S. 425, 435, 26 S.Ct. 87, 50 L.Ed. 256, 260; Reetz v. Michigan, 188 U.S. 505, 508, 23 S.Ct. 390, 47 L.Ed. 563, 566), it is perfectly obvious that where such an appeal is provided for, and the prisoner has had the benefit of it, the proceedings in the appellate tribunal are to be regarded as a part of the process of law under which he is held in custody by the state, and to be considered in determining any question of alleged deprivation of his life or liberty contrary to the 14th Amendment."

4. The Justice of the Peace Court is a court of record and general jurisdiction in Mississippi. Cotton v. Harlan, 124 Miss. 691, 87 So. 152. But in the case of conviction in a criminal case, the defendant may appeal within forty days with supersedeas by executing in a case of this kind one hundred dollar appeal bond with sufficient sureties for a responsible obligation; whereupon, the case would be tried de novo or anew in the circuit court under § 1202 Mississippi Code 1942. If the accused were unable to make such bond, he may appeal by executing an affidavit

(1964 ed.) § 2283 denies this Court the power or authority under the facts stated to issue an injunction against the defendants in this case. Even though an injunction be denied, it would still be within the province of this Court to award the plaintiff any other relief necessary to safeguard and vouchsafe his vested constitutional rights, if necessary.[5] The plaintiff in this case has not even been summoned or notified by any process of any pending case before the Justice of the Peace here; and clearly seeks an advisory opinion from this Court without any showing as to the existence of any real justiciable controversy. A careful analysis and consideration of the facts and circumstances before the Court leads to the inescapable conclusion that the amended complaint in its entirety is without merit.[6] It will be soon enough when the Court is squarely confronted with facts and circumstances presenting a more impelling need for the Court to consider the constitutional validity of the statutes in this scheme; and when it is more apparent that the litigant is in real jeopardy, and that some vested right is being more clearly impinged upon or probably infringed.

An order may be presented to any one of the judges of this Court to dismiss the amended complaint as being without merit and to assess the plaintiff with all costs of this suit.

---

of his poverty, which would not necessarily discharge him from custody, "unless the presiding judge of the appellate court shall, for good reason, see fit to stay the execution of the judgment rendered by the court below by ordering the release of the defendant on his own recognizance, and this shall not effect the trial of the case anew in the appellate court." § 1203 Mississippi Code 1942.

5. Zwickler v. Koota, 389 U.S. 241, 88 S. Ct. 391, 19 L.Ed.2d 444.

6. It is not valid criticism to complain that a Justice of the Peace is untrained in the law. It must be remembered that there is no organic or statutory requirement for a Justice of the Supreme Court of the United States to be a lawyer. One President threatened to place a farmer and a preacher on the Court at one time. But House Bill 277 Mississippi Laws 1968 provides for a Justice of the Peace training course, to contain eighteen hours of training under the auspices of the State Attorney General and to be assisted by any lawyer, judge, law professor or senior law student of the state without compensation. Section 1803.2 Mississippi Code 1942 provides that no Justice of the Peace not admitted to the practice of law shall exercise the judicial functions of his office or be eligible to take the oath of office unless he has filed in the office of the Circuit Court a certificate by the Attorney General of completion of such course of instruction.