**Isidro Prieto VELEZ, Petitioner-Appellant,**

v.

**Tomas Concepcion MARTINEZ, Warden, etc., Respondent-Appellee.**

**No. 74–1352.**

United States Court of Appeals, First Circuit.

Submitted Feb. 5, 1975.

Decided Feb. 10, 1975.

Santos P. Amadeo and Jose Enrique Amadeo, Rio Piedras, P. R., on brief for appellant.

Miriam Naveira de Rodon, Sol. Gen., and Hector R. Orlandi-Gomez, Asst. Sol. Gen., San Juan, P. R., on brief for appellee.

Before COFFIN, Chief Judge, and ALDRICH and CAMPBELL, Circuit Judges.

ALDRICH, Senior Circuit Judge.

This is, hopefully, the nadir of frivolous petitions for habeas corpus. Petitioner is a Puerto Rican prisoner serving a life term for murder as a result of a conviction in the Puerto Rico court in 1962. During the trial a juror at the request of defendant's counsel and concurred in by defendant orally, was excused for cause. Thereafter the jury returned a verdict of guilty. The conviction was affirmed on appeal. Some years later petitioner sought further review by a "Motion in Nature of a Habeas Corpus, Coram Nobis or Rehearing," on the ground that his conviction by eleven jurors violated the Constitution of Puerto Rico, and that his waiver was in violation of the Fifth Amendment because not intelligently and understandably given. The Supreme Court of Puerto Rico denied the motion. Petitioner then sought a writ of habeas corpus from the district court, which was denied in a considered opinion. He appeals.

Petitioner in his brief asserts that he presents two questions: A, whether his trial by less than twelve jurors violated Article II § 11 subsection 2, of the Puerto Rico Constitution, requiring trial by twelve jurors, and B, whether petitioner validly waived his rights under the said subsection.*

---

* The brief abandons the previous charge that trial by less than twelve jurors was a violation of the Due Process clause. Petitioner evidently recognizes on this appeal that this claim is baseless. Williams v. Florida, 1970, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446. *Williams*, incidentally, was decided two years before the petition was filed.

28 U.S.C. § 2254(a), under which the petition is brought, provides in terms that relief is to be granted "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." Plainly, under this, the federal courts have no jurisdiction over a claim alleging simply a violation of the state constitution. It has been settled for 100 years that the state court is the final arbiter of its own laws. Thus in In re Duncan, 1891, 139 U.S. 449, at 461, 11 S.Ct. 573, at 577, 35 L.Ed. 219, the Court referred to "the well settled rule . . . that the courts of the United States adopt and follow the decisions of state courts on questions which concern merely the constitution and laws of the state." *See also* Storti v. Massachusetts, 1901, 183 U.S. 138, 142, 22 S.Ct. 72, 46 L.Ed. 120; Rogers v. Peck, 1905, 199 U.S. 425, 434, 26 S.Ct. 87, 50 L.Ed. 256.

We remark, parenthetically, that were the matter before us we would see no possible ground for criticizing the interpretation adopted by the Puerto Rico Supreme Court. The relevant section of its Constitution provides as follows.

> "In all prosecutions for a felony the accused shall have the right of trial by an impartial jury composed of twelve residents of the district, who may render their verdict by a majority vote which in no case may be less than nine."

Respondent observes with some merit that petitioner was prima facie benefitted by the removal of one juror, as it made it pro tanto more difficult for the prosecution to gather the requisite nine votes. We are not unmindful, in this, of Parker v. Gladden, 1966, 385 U.S. 363, 87 S.Ct. 468, 17 L.Ed.2d 420. In that case a bailiff had made a prejudicial remark to two jurors. The state court held that this affected no rights of the defendant because a vote of ten was sufficient to convict. The Supreme Court reversed, holding that whether or not this offended the state constitution, it was a violation of defendant's federal constitutional rights. The difference between the case at bar and *Gladden* is manifest, for there the unlawfully prejudiced jurors were left on the panel, with the opportunity of influencing the others.

We see no basis for a claim and, indeed, none is advanced, that petitioner was deprived of rights under the federal constitution by a withdrawal of a juror for cause under the circumstances of this case, whether or not he consented.

The judgment of the district court is affirmed.