IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 94-50803

_____

CLIFTON EUGENE BELYEU,

Petitioner-Appellant,

versus

GARY JOHNSON, Director, Texas
Department of Criminal Justice,
Institutional Division,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

April 22, 1996

Before HIGGINBOTHAM, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:

The state appeals an Order entered by the United States
District Court vacating an order of execution entered by the state
court on March 19, 1996, setting the execution of Clifton Eugene
Belyeu for April 22, 1996.  We are not persuaded that there was any
federal stay of state proceedings in place when the state trial
judge set the new execution date.  We vacate the order of the
district court.

The federal district court by Order filed December 14, 1992:

> ORDERED that Petitioner's Motion for Stay of Execution is GRANTED. It is further

> ORDERED that Petitioner's execution date for December 17, 1992 is STAYED until further Order of this Court.

This court affirmed the district court's denial of habeas relief by opinion filed October 11, 1995, Belyeu v. Scott, 66 F.3d 535 (5th Cir. 1995). On November 14, 1995, we denied Belyeu's petition for rehearing and suggestion for rehearing en banc. Our mandate issued on November 21, 1995. Belyeu never requested any stay from this court pending the filing of his petition for certiorari.

On February 15, Belyeu petitioned for writ of certiorari. The Supreme Court denied Belyeu's petition of certiorari on April 15, 1996. The state district judge had, in the interim, on March 19, 1996, set the present execution date now set for April 22, 1996.

On March 22, 1996, petitioner moved the state court to withdraw the execution date contending that the stay of the December 17, 1992 execution issued by the Federal District Court on December 14, 1992 remained in effect on March 19, 1996 and prohibited the trial court from setting a new date of execution; relatedly, petitioner argued that the petition for certiorari had not been acted upon by that time.

II

Petitioner first contends that the district court's stay Order had not been lifted when the state trial judge issued a new warrant

of execution.  Second, that Belyeu's attorneys were not given notice of the hearing at which the April 22, 1996, execution date was set, and finally that the matter was then pending before the Supreme Court.

The district court was persuaded of all three reasons, including the assertion that "petitioner has the constitutional right to have his attorneys present at any hearing in which he is a party."

### III

We doubt that a prisoner has the constitutional right to be present when a state trial judge sets the date for execution. Neither Belyeu nor the federal district court identifies the source of this constitutional right beyond citation to the Sixth Amendment.  The order of execution of March 19, 1996 recites that Belyeu was present and represented by court-appointed counsel when that order was entered.  See McKenzie v. Day, 57 F.3d 1461, n. 20 at 1470 (9th Cir. 1995).  That Belyeu was present with court-appointed counsel aside, Belyeu, through his present counsel, requested the state court to withdraw the order, and it refused. Given its ministerial character, this post-entry appearance was adequate to meet any due process rights Belyeu may have had.  The setting of the date for execution is not a critical part of the sentencing proceedings, but is rather a ministerial act implementing the judgment earlier entered.

The principal argument attempts to invoke the rule that under Title 28 U.S.C. § 2251, any proceedings in state court while there is an extant federal stay are void. The federal district court's stay order did not unambiguously stay all proceedings in state court, and we are loathe to read a stay order as expansively as petitioner would have it. We need not dance that line, however, because the United States District Court's stay order was not in effect after the mandate of this court issued on November 21, 1995. Lambert v. Barrett, 159 U.S. 660 (1895). Whatever jurisdiction the district court may have had over matters "in aid of the appeal", see Jankovich v. Bowen, 868 F.2d 867, 871 (6th Cir. 1989), ended at least, when our mandate issued. The Supreme Court issued no stay because Belyeu requested no stay, and because no date of execution threatened its review. Of course, absent "a significant possibility of reversal . . .," a stay pending consideration of the petition for writ of certiorari would not have been granted. Barefoot v. Estelle, 103 S.Ct. 3383, 3396 (1983).

The Order of the district court vacating the date of execution of April 22, 1996 is VACATED.