IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-39,707-02





IN RE BILLY WAYNE COBLE







ON MOTION FOR LEAVE TO FILE


PETITION FOR WRIT OF MANDAMUS


IN CAUSE NO. 1989-1036 FROM THE


54TH DISTRICT COURT OF MCLENNAN COUNTY





Per Curiam. Price, J., dissents.


ORDER



 This is a Motion for Leave to File a Petition for Writ of Mandamus in a capital murder
case. Relator is scheduled to be executed on August 30, 2006. He asks us to order the trial
judge to vacate his order setting the execution date and to prohibit "the setting of any future
execution date for Relator unless the resolution of his first round of federal habeas corpus
proceedings in the United States Supreme Court, including all certiorari proceedings, is
unsuccessful." We deny Relator's motion based on principles of comity.

 Applicant was convicted of capital murder and sentenced to death on April 12, 1990. 
We affirmed the conviction and sentence on November 3, 1993, Coble v. State, 871 S.W.2d
192 (Tex. Crim. App. 1993), and denied relief on his initial application for writ of habeas
corpus. Ex parte Coble, WR-39,707-01 (Tex. Crim. App. 1999). The trial court set an
execution date of June 9, 1999.

 Relator then filed an application for habeas corpus in the federal courts on May 3,
1999. Relator also filed an "Unopposed Motion for Stay of Execution" which the federal
district court granted on May 10, 1999, "to allow for the orderly litigation of these habeas
corpus proceedings until further orders of this Court." After nine years, the federal district
court granted summary judgment to the Respondent (currently Doug Dretke, Director, Texas
Department of Criminal Justice, Institutional Division), on August 23, 2000. About six
months later, on January 8, 2001, the federal district court granted Relator a Certificate of
Appealability ("COA") on one issue. The Fifth Circuit Court of Appeals granted a COA on
an additional claim. Coble v. Cockrell, No. 01-50010, 2003 WL 21982042 (5th Cir. Aug. 20,
2003).

 On July 18, 2005, a panel of the Fifth Circuit Court of Appeals affirmed the district
court's decision denying Relator any relief on his habeas corpus petition. Relator requested
rehearing by the en banc Fifth Circuit judges. On March 22, 2006, the Fifth Circuit panel
withdrew its previous opinion, filed a substituted opinion, and once again affirmed the
district court's denial of habeas relief. 

 On March 23, 2006, the day after the Fifth Circuit issued its substituted opinion, the
state court judge, in whose court the original trial took place, signed an "Order Setting Date
for Execution." (1) The new execution date was set at August 30, 2006.

 On April 4, 2006, Relator filed petitions for rehearing and rehearing en banc in the
Fifth Circuit Court of Appeals. On April 10, 2006, the Fifth Circuit requested Respondent,
Doug Dretke, to file a response to Relator's petition for rehearing. Also on April 10th,
Relator filed a "Motion to Vacate Ex Parte, Unnoticed Order Setting Execution Date Due
to Lack of Jurisdiction" in the state district court. The state court judge denied this motion
on April 12, 2006, ruling that "there is no basis by which the date of execution can be
modified or withdrawn or the warrant of execution can be recalled."

 Relator then filed a Motion for Leave to file and Petition for Writ of Mandamus with
this Court, arguing that the state district court judge did not have jurisdiction to set an
execution date because Relator's federal habeas corpus proceeding is still pending in the
Fifth Circuit and its mandate has not issued. Relator argues that the stay order entered by the
federal district court on May 10, 1999, is still in effect, and the federal courts have
jurisdiction over the habeas corpus proceeding unless and until the Fifth Circuit issues its
mandate. See Belyeu v. Johnson, 82 F.3d 613, 615 (5th Cir. 1996) (vacating federal district
court's order which had vacated state court's execution date because "[w]hatever jurisdiction
the district court may have had 'in aid of the [habeas corpus] appeal' ended at least, when our
mandate issued").

 We agree that an extant stay of execution entered by a federal district court cannot be
countermanded or ignored by a state court. 28 U.S.C. § 2251(b). However, the judicially
created doctrine of comity "'teaches that one court should defer action on causes properly
within its jurisdiction until the courts of another sovereignty with concurrent powers, and
already cognizant of the litigation, have had an opportunity to pass upon the matter.'" Ex
parte Soffar, 143 S.W.3d 804, 805-806 (Tex. Crim. App. 2004) (quoting Darr v. Burford,
339 U.S. 200, 204, 94 L. Ed. 761, 70 S. Ct. 587 (1950)) Because Relator's federal habeas
corpus proceeding is still in the Fifth Circuit Court of Appeals, we will defer to that court's
determination concerning whether the original 1999 stay of execution is still in effect and of
the validity of the state district court's order setting an August 30, 2006, execution date. See
In re Jugiro, 140 U.S. 291, 295-96 (1891); Belyeu v. Johnson, 82 F.3d 613, 615 (5th Cir.
1996). 

 We therefore DENY Relator's Motion for Leave to File Petition for Writ of
Mandamus.

 IT IS SO ORDERED THIS THE 10th DAY OF MAY, 2006.

 

Do Not Publish
1. According to Relator's counsel, he was neither informed of, nor consulted about, the
Order Setting Date For Execution until after the state district court judge signed it.