United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 07-70030
USDC No. 3:07-CV-421
_____

KENNETH PARR,

Petitioner,

versus

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Kenneth Parr is a Texas death row inmate scheduled for execution on August 15, 2007 after 6 p.m. (CDT). Parr raises two claims in his application for habeas relief before this court: one, that neither he nor his counsel were present for the setting of his execution date in violation of the Fourteenth and Sixth Amendments;[1] and two, that Texas's method of execution,

_____

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[1]Parr also alleges that the process by which his execution date was set violate state law. State law claims are not cognizable in federal habeas proceedings and we do not consider them. 28 U.S.C. § 2254(a); *Young v. Dretke*, 356 F.3d 616, 628 (5th Cir. 2004).

specifically its "three-drug cocktail," will violate his Eighth Amendment rights.

Parr's application is procedurally barred because the TCCA dismissed his claims based on an adequate and independent state ground, namely abuse of the writ, Tex. C.C.P. art. 11.071 § 5. *Emery v. Johnson*, 139 F.3d 191, 196 (5th Cir. 1998). Parr has not argued that any of the exceptions to this doctrine, namely cause and prejudice or a fundamental miscarriage of justice, *Harris v. Reed*, 489 U.S. 255, 265 (1989), apply, and we do not find any indication that Parr could demonstrate either of these exceptions.

Even if we were to consider the merits of Parr's claims, we are confident that he is not entitled to relief. Parr is not entitled to relief on his first claim because setting the execution date is not a part of the sentencing proceeding under clearly established federal law as determined by the Supreme Court, which has never considered this claim. *See Belyeu v. Johnson*, 82 F.3d 613, 615 (5th Cir. 1996) ("The setting of the date for execution is not a critical part of the sentencing proceedings, but is rather a ministerial act implementing the judgment earlier entered."); *see also* 28 U.S.C. § 2254(d).

Parr's second claim, that Texas's lethal injection scheme violates the Eighth Amendment, is dismissed because of his unnecessary delay in bringing the claim. *White v. Johnson*, 429 F.3d 572, 574 (5th Cir. 2005); *Harris v. Johnson*, 376 F.3d 414, 418

(5th Cir. 2004) ("By waiting as long as he did, [Petitioner] leaves little doubt that the real purpose behind his claim is to seek a delay of his execution, not merely to effect an alteration of the manner in which it is carried out."). Parr has not shown a justifiable reason why he waited until eight days before his execution to challenge the manner of execution. *See Reese v. Livingston*, 453 F.3d 289, 291 (5th Cir. 2006) (holding that dilatory filing will not be excused unless there is a "satisfactory explanation for the delay"). Additionally, this is a second habeas claim because the operative facts were available to Parr at the time his conviction became final, *Neville v. Johnson*, 440 F.3d 221, 222 (5th Cir. 2006), and we do not grant permission to file a second or successive habeas claim.

In light of the above determinations, there are no grounds for a stay of execution in this case. Therefore, Parr's motion for a stay of execution is denied. His application for a COA regarding his writ of habeas corpus is denied as to both arguments he raised in the district court, and his motion for habeas corpus is denied.