**Thomas Armendarez MITCHELL, Jr., Petitioner-Appellant,**

v.

**Frank A. EYMAN, Warden, Arizona State Prison, Respondent-Appellee.**

**No. 72–1648.**

United States Court of Appeals, Ninth Circuit.

Oct. 30, 1972.

Thomas A. Mitchell, Jr., in pro. per. for the appellant.

Gary K. Nelson, Atty. Gen., William P. Dixon, Asst. Atty. Gen., Phoenix, Ariz., for respondent-appellee.

Before JERTBERG and ELY, Circuit Judges, and RENFREW,* District Judge.

JERTBERG, Circuit Judge:

Appellant, Mitchell, a prisoner of the State of Arizona, appeals from an order of the United States District Court for the District of Arizona denying his petition for a writ of habeas corpus without an evidentiary hearing.

Following a jury trial, appellant was convicted on Count One—attempted kidnapping "while armed with a gun," and Count Two—assault with a "deadly weapon or instrument, to wit: a gun," and was sentenced on each count for a term of not less than ten years nor more than fifteen years, both sentences to run concurrently.

On appeal to the Supreme Court of Arizona judgment and sentence was affirmed on Count One, and the judgment and sentence on Count Two was vacated and set aside. State of Arizona v. Mitchell, 106 Ariz. 492, 478 P.2d 517 (1970). Two petitions for writs of habeas corpus presented to the Supreme Court of Arizona were denied without hearing.

The offenses upon which appellant was convicted occurred on November 14, 1968. Counsel was appointed to represent the appellant and on arraignment, pleas of "not guilty", and "not guilty by reason of insanity" were entered.

On motion of appellant's counsel the trial court appointed medical experts to examine appellant to determine whether he understood the proceedings against him and was able to assist in his defense, and to ascertain his mental condition at the time of the commission of the offenses charged against him. Hearing was held by the trial court outside the presence of the jury. Following the taking of the expert medical testimony, the court ruled that appellant understood the proceedings against him and was able to assist in his own defense.

The jury trial of appellant was conducted pursuant to the bifurcated trial procedure provided for in A.R.S. § 13-1621.01.[1]

This bifurcated procedure was declared unconstitutional by the Arizona Supreme Court on June 18, 1970. State of Arizona v. Shaw, 106 Ariz. 103, 471 P.2d 715 (1970). This decision was not given retroactive effect. State of Arizona ex rel. Berger v. Superior Court, 106 Ariz. 365, 476 P.2d 666 (1970).

---

* Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

1. This section in pertinent part provides:
"5 A.R.S. 13–1621.01: Two trials where defense of not guilty by reason of insanity asserted

A. In any case where the defense of not guilty by reason of insanity is asserted, two trials shall be set unless good cause for a single trial is shown.

B. The first trial shall determine the issue of guilt or innocence and, if appropriate, the degree of the crime. The multiple trial concept shall not affect the traditional burden of proof or the applicability of § 13–131. At the discretion of the court, the jury may be informed that there may be two trials and what issues will be decided at each.

C. If the defendant is found guilty at the first trial, there shall be a second trial following promptly after the first trial. At the second trial, the jury shall consider the defense of insanity * * *."

At the first phase of the bifurcated trial, testimony was given by the victim who testified to the attempt of appellant to abduct her at the point of a gun during the noon recess, from the playground of the school which she attended. Corroborative testimony was received from several teachers and school employees, and a clip type gun was received in evidence which was found near the appellant's truck. Certain admissions made by the appellant were also received in evidence following a hearing by the trial judge, without the presence of the jury. At the conclusion of the hearing the trial judge found that the admissions were voluntarily made by appellant, beyond a reasonable doubt, and after appellant had been advised of his constitutional rights.

The only witness offered by appellant was a deputy sheriff who testified that the mere placing of a clip in an automatic pistol did not constitute a loaded weapon.

Following arguments and instructions, the jury returned verdicts of guilty on the guilt or innocence phase of the bifurcated trial procedure.

At the trial on the insanity phase of the bifurcated trial, the State offered the testimony of one of the medical witnesses who had been appointed to examine the mental state of the appellant. He (Dr. Estes) testified that appellant suffered from an illness diagnosed as borderline psychosis, or the more modern definition of schizophrenic latent type. He further testified that in his opinion appellant knew the nature and quality of his acts, and that he knew right from wrong at the time of the commission of the offenses charged.

On direct examination the witness testified to certain statements made by appellant concerning his conduct at the time, and prior to the commission of the offenses charged. No objection was interposed by appellant or his counsel to the eliciting or reception in evidence of such statements.

The State called two lay witnesses who testified as to their observations of appellant, as to his conduct and coherence during the events in question at the school ground, as well as to admissions made by appellant, previously referred to.

In his own defense appellant called as a witness Dr. Jones, an expert, who had been appointed by the court to examine the mental state of the appellant. He testified appellant had an inadequate personality with evidence of psychosis; and that it was his opinion while appellant knew, in terms of facts, the difference between right and wrong, he did not appreciate the quality of his acts.

Appellant testified in his own behalf and related to the jury the major events of his life and peculiar experiences from childhood to adulthood, including his voluntary commitment to the Arizona State Hospital where he was detained but not treated.

Following arguments by counsel, and instructions, the jury returned its verdicts finding that appellant was sane at the time of the commission of the offenses charged.

Upon the filing of the petition for writ of habeas corpus, the District Court issued an order to show cause directed to the appellee who caused to be filed with his answer a complete transcript of the proceedings had in the trial court of Arizona, including the reporter's transcript.

Following the denial of appellant's petition the District Court issued its certificate of probable cause and permitted appellant to prosecute this appeal *in forma pauperis*.

■ Appellant first contends that the bifurcated trial procedure provided for in 5 A.R.S. § 13–1621.01 [set forth in footnote 1, supra] deprived him of due process and the equal protection of the law clauses of the Fourteenth Amendment, in that he was denied the right to offer in the guilt or innocent phase of the trial, for purposes of negating a criminal intent in the commission of the

offenses charged, psychiatric testimony of Dr. Estes and Dr. Jones which was received in evidence in the insanity phase of the trial, and which appellant states in his brief was "available for the first phase of the trial."

In his memorandum order the District Judge stated:

"A review of the record indicates that neither petitioner nor his counsel attempted to introduce any such testimony into evidence."

We, too, have reviewed the record and find the record bare of any offer of proof or other attempt on the part of the appellant to offer such testimony on the guilt or innocence phase of the trial. Furthermore, there is nothing in the record to indicate that appellant made any effort to persuade the trial judge that only a single trial should be had, as mentioned in 5 A.R.S. § 13–1621.-01 A, which in substance states that in any case where the defense of not guilty by reason of insanity is asserted, two trials shall be set *unless good cause for a single trial is shown.*

In these circumstances we find no deprivation of due process or the equal protection of law in appellant's contention.

■ Appellant's next contention is that he was denied the equal protection of the laws by the admission into evidence of incriminating statements that were protected as privileged communications between physician and patient.

In the course of the insanity phase of the trial, Dr. Estes testified, among other things, to certain statements made to him by appellant during appellant's psychiatric examination conducted by the witness. Appellant complains that such testimony was highly incriminating and its disclosure to the jury was a violation of the physician-patient privileged relationship, and appellant was thereby deprived of the equal protection of the laws.

No objection or motion to strike such testimony was made by appellant.[2]

This immunity to privileged communication in the State of Arizona is codified in 5 A.R.S. § 13–1802, which provides in pertinent part:

"A person shall not be examined as a witness in the following cases:

(4) A physician or surgeon, *without consent of his patient,* as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient." (Emphasis added.)

The record discloses that Dr. Estes informed appellant at the start of the interview " * * * that I would be making a report to the Court, that this would not be confidential, * * *." Appellant concedes that such explanation was made to him. Since the testimony of Dr. Estes, to which appellant now objects, was communicated by appellant with knowledge it would not be held in confidence by the witness, appellant, under the plain language of 5 A.R.S. § 13–1802 can claim no immunity from such testimony. Appellant was not deprived of due process or the equal protection of the laws.

Finally, appellant claims that the United States District Court "erred in not setting the matter down for hearing on the merits of the waiver by counsel of appellant's rights as alleged." We construe such language to mean that appellant is claiming he was deprived of due process and the equal protection of the laws by the failure of the District Court to conduct an evidentiary hearing on whether the submission of appellant to go to trial under the bifurcated trial procedure act of Arizona and his implied consent to the disclosures made by Dr. Estes were knowingly and intelligently made.

None of the contentions made on this appeal was presented on direct appeal

---

2. It is the general rule in Arizona that unless objection is made to the admission of evidence, it cannot be urged on appeal that it was error for the court to admit it. Tucker v. Reil, 51 Ariz. 357, 77 P.2d 203; State of Arizona v. Eisenstein, 72 Ariz. 320, 235 P.2d 1011 (1951).

to the Supreme Court of Arizona. On March 3, 1971, appellant filed a petition for writ of habeas corpus in the Supreme Court of Arizona. In that petition he claimed he was "denied the Due Process of Law by being denied the privilege of presenting to the Jury, as a defense during the Guilt phase of the Bifurcated Trial, his long history of mental disorder and thus deprived the Jury of the Chance to judge this mental condition along with the other evidence in determining petitioner's guilt."

On March 19, 1971, the Supreme Court denied such petition without opinion or hearing.

On September 24, 1971, appellant filed a second petition for writ of habeas corpus in the Supreme Court of Arizona. In that petition he claimed that he "was denied the Equal Protection of the Laws of the State of Arizona, more especially 5 Ariz.Rev.Stat.Ann. § 13–1802, by the a[d]mission into evidence at my trial of Privileged Communication between me and the Physician, without my waiver of such privelige (sic) as guaranteed by the statute."

This petition was denied by the Supreme Court on October 5, 1971 "for the reason that the matters presented could be raised by appeal and the judgment of conviction is not subject to collateral attack."

■ The questions presented to the Supreme Court of Arizona were presented to the United States District Court in appellant's petition for a writ of habeas corpus in that Court and were decided adversely to petitioner's contentions. No other petition for habeas corpus was presented by the appellant to the Supreme Court of Arizona. It is thus clear that petitioner never presented to the Supreme Court of Arizona the question upon which he now claims that the United States District Court erred by its failure to conduct an evidentiary hearing. Such claim was not presented to the United States District Court.

Since appellant failed to exhaust his remedies in the Courts of Arizona, he cannot claim error on the part of the United States District Court even if he had presented such claim to the United States District Court.

The order appealed from is affirmed.