**John V. CAROTHERS, Petitioner-Appellant,**

v.

**B. J. RHAY, Superintendent, Washington State Penitentiary, Respondent-Appellee.**

No. 77–1705.

United States Court of Appeals, Ninth Circuit.

March 30, 1979.

Lar Halpern (argued), Rochester, Wash., for petitioner-appellant.

Nate D. Mannakee, Asst. Atty. Gen. (argued), Olympia, Wash., for respondent-appellee.

Before KILKENNY and HUG, Circuit Judges, and MURRAY *, District Judge.

HUG, Circuit Judge:

John V. Carothers, a state prisoner, appeals from the district court's dismissal of his petition for a writ of habeas corpus.

Carothers raises five constitutional challenges to his state conviction. We affirm the judgment of the district court, dismissing the petition with respect to one issue, for the reason that petitioner failed to exhaust his state remedies; and, with respect to the other four issues, we affirm the dismissal on the merits.

*Proceedings Below*

After a jury trial in King County, Washington, Carothers was convicted on two counts of murder in the first degree and one count of robbery. The principal evidence introduced against Carothers was the testimony of one Joseph Lalak, an accomplice to the crimes who was granted immunity from prosecution in return for his testimony. Lalak testified that he accompanied Carothers to the victims' home for the purpose of committing a burglary, and that Carothers shot and killed the occupants during the course of the burglary. The conviction was affirmed by the Washington Court of Appeals, *State v. Carothers*, 9 Wash.App. 691, 514 P.2d 170 (1973), and by the Washington Supreme Court, *State v. Carothers*, 84 Wash.2d 256, 525 P.2d 731 (1974).

Carothers then petitioned the federal district court for a writ of habeas corpus. In the petition Carothers alleged five violations of his constitutional rights: (1) the trial court's instructions to the jury on Carothers's alibi defense denied the petitioner due process; (2) the trial court's instructions to the jury on aiding and abetting denied the petitioner due process; (3) Carothers was convicted through the knowing use of perjured testimony; (4) evidence introduced against Carothers at the trial was the product of an illegal search and seizure; and (5) the prosecutor made improper comments to the jury during closing argument. The district court addressed each contention on the merits and granted the state's motion to dismiss. Carothers's application for a certificate of probable cause was granted by the district court, vesting this court with appellate jurisdiction. 28 U.S.C. § 2253.

* The Honorable William D. Murray, Senior United States District Judge for the District of Montana, sitting by designation.

## Alibi Instruction

Carothers contends that the alibi instruction used in his trial operated to shift the burden of proof, violating his right to due process. We do not reach the merits of this issue, because we find that Carothers has failed to exhaust his state remedies on this issue.

■ As a matter of comity, a federal court will not grant a state prisoner's petition for a writ of habeas corpus unless it appears that the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b); *Myers v. Rhay*, 577 F.2d 504, 511–12 (9th Cir. 1978). State remedies have not been exhausted unless the petitioner's federal claim has been "fairly presented to the state courts", *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), and the highest state court has disposed of the claim on the merits, *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974) *(en banc), cert. denied* 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975). Carothers did not present his challenge to the alibi instruction on direct appeal to either the Washington Court of Appeals or the Washington Supreme Court. He presented that contention to the Washington Supreme Court on a state petition for habeas corpus, which he sought to have merged with his direct appeal; however, the petition was dismissed on the procedural ground that it was premature because it was filed prior to the disposition of the direct appeal. Under those circumstances, we must find that Carothers has failed to adequately exhaust his state remedies.

We are aware that the Washington Supreme Court has upheld the constitutionality of an instruction similar to the one given in this case. *State v. Adams*, 81 Wash.2d 468, 503 P.2d 111 (1972). We acknowledge authority in some circuits that a habeas petitioner may be excused from exhausting state remedies if resort to the state forum would be futile in light of prevailing decisions of the highest state court. *E. g., Stubbs v. Smith*, 533 F.2d 64, 68–69 (2d Cir. 1976); *Layton v. Carson*, 479 F.2d 1275, 1276 (5th Cir. 1973).

■ However, we do not find that presentation of this issue to the state courts would be futile. The Washington Supreme Court, in *State v. Adams*, disapproved of the instruction and noted that in order to ascertain whether the instruction constitutes reversible error, it must be related to the instructions given as a whole. 503 P.2d at 114. Before consideration of the instruction by a federal court on a petition for habeas corpus, the state court should be given the opportunity to evaluate the instruction in light of the facts and circumstances of that trial and other instructions given, the manner in which the instruction was offered, the objections of the defense, if any, and the prejudice involved.

■ Moreover, Carothers's failure to raise his constitutional claim on direct appeal may constitute a waiver of the claim under Washington law. *See State v. Sweet*, 90 Wash.2d 282, 581 P.2d 579, 581–82 (1978); *Koehn v. Pinnock*, 80 Wash.2d 338, 494 P.2d 987 (1972); *Massey v. Rhay*, 76 Wash.2d 78, 455 P.2d 367 (1969). Such a waiver may constitute an adequate state procedural ground barring federal review of the merits of the claim. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Carothers must first exhaust his state remedies before turning to the federal courts. The state courts should be given the first opportunity to rule on the substantive and procedural questions raised by this issue. *See United States v. Fogliani*, 343 F.2d 43, 47 (9th Cir. 1965); *Schiers v. California*, 333 F.2d 173, 176 (9th Cir. 1964).

■ A failure to exhaust state remedies with respect to one issue presented in a habeas corpus petition in this circuit requires dismissal of the entire petition by the district court. *Gonzales v. Stone*, 546 F.2d 807 (9th Cir. 1976). However, since the district court reached the merits of the exhausted claims, we shall review these claims, as was done in *Myers v. Rhay*, 577 F.2d 504 (9th Cir. 1978). The policy reasons for proceeding with review of the exhausted claims decided by the district court, al-

though mixed with an unexhausted claim, are well expressed in *Galtieri v. Wainwright*, 582 F.2d 348, 360–62 (5th Cir. 1978) (*en banc*), with which we concur.

### Aiding and Abetting Instruction

■ The state trial court instructed the jury that one who participates in a crime by "aiding, assisting or abetting" the commission of the crime is guilty of the commission of the crime and shall be punished as a principal. Carothers asserts that the prosecution presented its entire case on the theory that Carothers shot the victims. He contends that giving the instruction violated due process of law because no evidence was introduced tending to show that Carothers acted as an aider and abettor, and because Carothers was given insufficient notice that he was charged with aiding and abetting.

Carothers was given adequate notice. He was charged as principal on two counts of murder and one count of robbery. Under Washington law, any person who participates in the commission of a felony, whether he directly commits the offense or aids and abets in its commission, is a principal. Wash.Rev.Code, § 9.01.030. On direct appeal in this case, the Washington Supreme Court commented on that section:

> The legislature has said that anyone who participates in the commission of a crime is guilty of the crime and should be charged as a principal, regardless of the degree or nature of his participation. Whether he holds the gun, holds the victim, keeps a lookout, stands by ready to help the assailant, or aids in some other way, he is a participant. The elements of the crime remain the same.

*State v. Carothers*, 84 Wash.2d 256, 525 P.2d 731, 736 (1974).

■ The instruction was supported by the evidence introduced at the trial. Carothers concedes that Lalak's testimony shows that Lalak accompanied Carothers to the scene of the crime. The jury was not required to accept or reject Lalak's testimony *in toto*. It reasonably could infer that Lalak played a more active role in the offenses than he admitted to, and that Lalak had directly committed the offenses with the aid of Carothers.

The district court correctly found that Carothers was not denied due process as a result of the aiding and abetting instruction.

### Use of Perjured Testimony

At the trial, Lalak admitted that he had lied to investigating officers and to a special inquiry judge at a pretrial hearing. Carothers contends that he was therefore denied due process because his conviction rests upon the testimony of "an admitted perjurer". He claims the right to an evidentiary hearing on the matter, relying upon *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1962).

■ Under the doctrine of *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1123, 3 L.Ed.2d 1217 (1959), a conviction violates the Fourteenth Amendment if it is obtained by the use of perjured testimony which the prosecutor knows to be false or later discovers to be false and allows to go uncorrected. The doctrine is not applicable in this case.

■ Lalak's description of the events surrounding the murder was presented by his testimony at trial. There is no allegation of any specific evidence presented that the prosecutor or other representatives of the state knew to be false or later discovered to be false. Rather there is merely an allegation that a witness was called who had previously lied and whose credibility was in question. This credibility was fully explored at trial and was properly a matter for the consideration of the jury. There is therefore no factual allegation presented that was not fully explored at trial and no evidentiary hearing is required.

### Illegally Obtained Evidence

■ Carothers contends that evidence introduced against him at the trial was seized on the authority of a search warrant unsupported by probable cause.

In *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), the Supreme Court held that:

> where the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. (footnotes omitted)

*Id.* at 494, 96 S.Ct. at 3052. We have previously decided that *Stone v. Powell* is to be given fully retroactive effect. *Mack v. Cupp*, 564 F.2d 898, 900 (9th Cir. 1977); *Bracco v. Reed*, 540 F.2d 1019 (9th Cir. 1976). Therefore, *Stone v. Powell* controls the disposition of this case. Carothers does not assert that he was denied an opportunity for a full and fair litigation of his claim. Consequently, Carothers does not state a claim that would entitle him to federal habeas corpus relief. *Myers v. Rhay*, 577 F.2d 504, 507–509 (9th Cir. 1978); *Tisnado v. United States*, 547 F.2d 452, 455 (9th Cir. 1976).

### Improper Comments to the Jury

As a final argument, Carothers contends that the prosecutor made improper comments to the jury during closing argument, denying Carothers due process of the law.

A prosecutorial comment must not be evaluated in the abstract, but must be judged in light of the evidence as a whole. *United States v. Lopez*, 575 F.2d 681, 685 (9th Cir. 1978). We have examined the record on appeal, and we conclude that any impropriety in the prosecutor's closing remarks was harmless beyond a reasonable doubt. *See id.* The district court correctly found that "the alleged error falls short of any possible constitutional violation".

### Conclusion

With respect to Carothers's challenge to the alibi instruction, we affirm the district court's dismissal, for the reason that Carothers failed to exhaust state remedies. With respect to the remaining issues, we affirm the district court's dismissal on the merits.