**Huey NEWTON, Petitioner,**

v.

**The SUPERIOR COURT OF the STATE OF CALIFORNIA In and For the COUNTY OF ALAMEDA, Respondent.**

No. C–81–2277 RPA.

United States District Court,
N. D. California.

Oct. 22, 1981.

Dennis Roberts, Oakland, Cal., for petitioner.

George Deukmejian, Atty. Gen. of California, San Francisco, Cal., for respondent.

## OPINION AND ORDER

AGUILAR, District Judge.

### I. PROCEDURAL HISTORY

Petitioner was convicted of two counts of violating California Penal Code section 12021, being a person who has been convicted of a felony and in possession of a gun, following a jury trial in a State of California trial court. Petitioner appealed the convictions to the California Court of Appeal. The Court of Appeal, First District, Division Three, affirmed the convictions in a two to one decision. The California Supreme Court denied the petition for a hearing filed by petitioner, with three justices being of the opinion that the petition should be granted. The United States Supreme Court denied the petition for Writ of Certiorari filed by petitioner. Petitioner now brings this petition for writ of habeas corpus alleging that he is unconstitutionally restrained of his liberty.

## II. FACTS

In 1964 petitioner was convicted of assault with a deadly weapon. (Cal.Penal Code § 245(a)) At the trial on this charge petitioner was not represented by counsel, and there is question as to whether he waived his right to be so represented.

In 1967, petitioner was charged with manslaughter. Prior to trial he moved to strike from the charge the allegation of his prior felony conviction, contending that this conviction was constitutionally invalid. The motion was denied, and petitioner was convicted of the charge. On appeal, the California Court of Appeal reversed and remanded, holding that it was error to deny the motion to strike without a hearing, and that petitioner had presented a "clear allegation" as to the invalidity of the prior conviction.

Prior to the retrial on the manslaughter charge, petitioner again moved to strike the prior felony conviction. After a hearing the motion was denied; a retrial resulted in a hung jury.

Prior to a third trial on the manslaughter charge, petitioner again moved to strike the prior felony conviction. After a hearing, the Superior Court judge granted the motion to strike, holding that the prior felony conviction was obtained without the petitioner having validly waived his right to be represented by counsel.

This decision that petitioner had not effectively waived his right to counsel was in response to a *Coffey* motion, *People v. Coffey*, 67 Cal.2d 204, 60 Cal.Rptr. 457, 430 P.2d 15 (1967), and was based upon the California Supreme Court decision in *People v. Carter*, 66 Cal.2d 666, 58 Cal.Rptr. 614, 427 P.2d 214 (1967) which set forth the California standards for an effective waiver of the right to counsel. The third trial resulted in a hung jury.

The events which led to the charges and convictions out of which this action arose occurred in 1974. Petitioner allegedly beat his tailor on the head with a pistol. After the police were informed of the beating, a warrant was obtained to search petitioner's apartment. The search disclosed two guns in the apartment: a loaded .45 caliber semi-automatic pistol found in a kitchen drawer, and a loaded .357 magnum revolver found in a drawer in the bathroom to the master bedroom. The revolver contained evidence that it had been used to beat the tailor. A large amount of ammunition was also found in the apartment.

Petitioner was initially charged with assault with the use of a firearm. He was not charged with being a felon in possession of a gun, nor was the felony conviction alleged in the complaint against petitioner for any other purpose. However, in 1977 the district attorney was allowed to amend the complaint against petitioner to allege the existence of the prior felony conviction, and to charge petitioner with two counts of violating section 12021 (being a felon in possession of a gun.) The basis for the amendment was the 1975 United States Supreme Court case of *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, which held that California's standards for measuring an effective waiver of counsel were incorrect. In seeking to amend, the district attorney had urged that the outcome of the 1971 decision striking petitioner's felony conviction would not now be the proper result pursuant to the new standards set forth in *Faretta*.

Before these charges were to come to trial in 1978, petitioner moved to strike the prior felony conviction on the ground that it was unconstitutionally obtained. He further alleged that the res judicata effect of the 1971 order striking the conviction because there was not a valid waiver of counsel barred the use of the felony conviction. The motion to strike was denied. During the trial and after trial petitioner moved that the trial court take judicial notice of the decision finding the prior felony conviction unconstitutional. The trial court refused to do so each time.

Petitioner was convicted of the 12021 charges, but not of the assault charge.

In seeking habeas corpus relief petitioner basically makes two separate arguments in asserting that the section 12021 convictions

were in violation of his constitutional rights. First, petitioner contends that because he did not know that he was a felon, he lacked the "culpable intent" [1] required to commit the offense proscribed by section 12021. Petitioner asserts that culpable intent is an element of the crime of violating section 12021, and as petitioner's culpable intent was not proved at trial, petitioner's due process rights were violated because every element of the offense charged was not proven against him.[2]

Second, petitioner asserts that he relied on actions of the state and its agents that he was not a felon, some of these acts consisting of the order striking the conviction, and the state's allowing petitioner to vote and visit a prison. Thus, petitioner contends that his due process rights were violated by the state's reversing its decision not to treat him as a felon without notice, where the state seeks to imprison him due to this reliance.

The Court cannot reach the merits of the petition, however, because petitioner has failed to exhaust his available state remedies.

A state prisoner must exhaust available state judicial remedies before a federal court may entertain the prisoner's petition for habeas corpus. (28 U.S.C. § 2254(b)); (*Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971)). The reason for this rule is one of comity: "an accommodation of our federal system designed to give the state the initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" (*Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 409, 30 L.Ed.2d 418 (1971)), because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct the constitutional viola-

tion." (*Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1940) overruled on other grounds *Fay v. Noia*, 372 U.S. 391, 435–436, 83 S.Ct. 822, 847, 9 L.Ed.2d 837 (1963); *and see Picard v. Connor, supra*, 404 U.S. at 275, 92 S.Ct. at 512). Thus, state remedies will not be deemed to have been exhausted unless the habeas corpus petitioner's federal claims have been *fairly presented* to the state courts, and the *highest state court* has disposed of the claims on the merits. (*Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979))

The Supreme Court in *Picard v. Connor, supra*, further explains this exhaustion requirement:

We emphasize that the federal claim must be fairly presented to the state courts. If the exhaustion doctrine is to prevent "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution" [citation omitted], it is not sufficient merely that the federal habeas applicant has been through the state courts. The rule would serve no purpose if it could be satisfied by raising one claim in the state courts and another in the federal courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Accordingly, we have required a state prisoner to present the state courts with the *same claim* he urges upon the federal courts. (*Id.* 404 U.S. at 275–276, 92 S.Ct. at 512, emphasis added).

It is evident by the record that petitioner did not present to the California Supreme Court his claim that the state's failure to prove that petitioner had the culpable intent to violate section 12021 deprived petitioner of his due process rights because the conviction lacked substantial evidence as to every element of the crime charged.

---

1. "Culpable intent" as used in this Opinion refers to the knowledge of the person charged with violating section 12021 that he is a person who has been convicted of a felony.

2. Though it would present a compelling constitutional question, petitioner apparently does

not contend that culpable intent is constitutionally required as an element of the crime of violating section 12021, but only that state law requires that culpable intent be proved as an element of this crime.

In his Petition for Hearing before the California Supreme Court petitioner presents to that Court the claims that under California law a lack of knowledge or intent are defenses to a charge of violating California Penal Code section 12021 (Petition for Hearing at pp. 8–9), and that a culpable intent that a defendant know he is a person who has been convicted of a felony is an essential element of the charge of violating section 12021 (Petition at pp. 11–14). Petitioner's bases for requiring a culpable intent as an element of a violation of section 12021 are California law and the general principle that one should not be held criminally responsible if one does not know that he or she is blameworthy. (Petition at p. 10). Petitioner does invoke terms such as "unjust" (Petition at pp. 13, 16) and "unreasonable" (Petition at p. 16) in referring to a conviction of violating section 12021 without proof of culpable intent. But nowhere in the Petition is it mentioned that such a conviction violates *fourteenth amendment due process.* The closest petitioner comes to such a contention is the following at pages 14–15 of the Petition in addressing the question of section 12021 being a strict liability crime:

> Much more pressing than any vague and doubtful notions of the general welfare is the very real circumstance of a fellow human being faced with infamy and imprisonment for wholly innocent conduct. The failure to respond to the demands of justice and the willingness to sacrifice a defendant to "social policy" goals is a betrayal of what is human within us and is ultimately self-defeating. [citations omitted]

Though this argument appeals to a basic sense of human fairness, it does not fairly present the Supreme Court with a due process contention.

The Amici Curiae brief filed with the Supreme Court also fails to present this due process claim. Again, the brief contends that culpable intent is an element of a violation of section 12021 and that section 12021 is not a strict liability crime. A hint of a due process claim is immediately withdrawn from the Court's consideration at footnote 10 on pages 21–22:

> That rule [no liability without fault unless expressly stated] does not necessarily hold for crimes contained in other codes. [citation omitted] Strict criminal liability has been sharply criticized by scholars who find it impossible to square with the constitutional imperatives of notice, presumption of innocence and guilty beyond a reasonable doubt. [See Saltzman, "Strict Liability and the United States Constitution: Substantive Criminal Law Due Process," 24 *Wayne L.Rev.* 1571 (1978) and authorities therein collected.] These questions, fascinating as they are, need not concern us here for § 12021 is a part of the Penal Code and its interpretation is controlled by Penal Code §§ 20 and 26.

The Amici Curiae brief then does specifically state that petitioner's conviction violates due process, but the argument is directed only at the reliance aspect of the case:

> Newton's conviction, moreover, affronts the Due Process Clause intent. Every governmental agency reinforced his belief that he was not a convicted felon. To hold him criminally responsible 'would be to sanction an indefensible sort of entrapment by the state—convicting a citizen for exercising a privilege which the state had clearly told him was available to him . . . . The Due Process Clause does not permit conviction to be obtained under such circumstances.' . . . And one of those governmental agencies was a court of law. 'It would be an act of "intolerable injustice" to hold criminally liable a person who has engaged in certain conduct in reasonable reliance upon a judicial opinion instructing that such conduct is legal. Indeed, the reliance defense is required by the constitutional guarantee of due process . . .' . . . .

Nowhere was it presented to the California Supreme Court that petitioner's due

process rights were violated by failing to prove a culpable intent.[3]

Petitioner argues that to sufficiently have exhausted state remedies, petitioner needed only to have presented the pertinent facts, and not the precise legal theory, to the attention of the highest state court. Petitioner concludes that because he did present the issue of the requirement of a culpable intent to the California Supreme Court, he was not required to allege the legal theory that the failure to prove culpable intent violated his due process rights because every element of the crime charged was not proved against him.

The Court cannot agree with such a conclusion due to the United States Supreme Court case of *Picard v. Connor, supra.* In *Picard*, the petitioner contested his conviction in the state courts by challenging the legality of his indictment. The challenge made was that the amending procedure to the indictment did not comply with state statutory or court-developed law. (*Id.* 404 U.S. at 272–273, 92 S.Ct. at 510–511) In his petition for habeas corpus, petitioner contended that the amending procedure violated equal protection of the laws. (*Id.* at p. 271, 92 S.Ct. at 510) The Court of Appeals for the First Circuit held that petitioner had exhausted state judicial remedies "because he had presented the state court with an opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim." (*Id.* at 271–272, 92 S.Ct. at 510–511)

The U.S. Supreme Court found this standard for exhaustion of state remedies to be in error. Although the Court noted that the factual allegations that were made to the federal courts were also made before the state courts, the Court found that the constitutional claim as applied to these facts was never presented to the state courts as the petitioner had there argued only that the indictment was improper under state law. (*Id.* at 276–277, 92 S.Ct. at 512–513) Thus, as there had been no opportunity for the state court to pass on the federal claim, there had been no "fair presentation" and therefore no exhaustion of state remedies as to this claim. (*Id.* at 277, 92 S.Ct. at 513)

In the present case petitioner clearly presented to the California Supreme Court his claim that California law requires that a culpable intent be proved as an element of the crime of violating California Penal Code section 12021. Petitioner has also clearly presented this claim to this Court. But petitioner did not present to the California Supreme Court the claim that a failure to prove this element of the crime resulted in a federal constitutional violation. Though this case does not present as major a change in theory as was presented in *Picard*, still there is a variation in petitioner's theory justifying relief because petitioner now seeks relief under the federal constitution. As in *Picard*, the constitutional claim applied to the facts was never presented to the California Supreme Court. Petitioner did, as he must, base his requested relief on the federal constitution in his petition to this Court, since to be entitled to habeas corpus relief in the federal court, a petitioner must prove that his fundamental rights, as secured by the Constitution, were violated by the state court proceedings. *Rogers v. Peck*, 199 U.S. 425, 434, 26 S.Ct. 87, 89, 50 L.Ed. 256 (1905). It is this *federal claim* that must have been presented to the highest state court before the federal court can act on the habeas corpus petition. (*Carothers v. Rhay, supra*, 594 F.2d at 228) In the present case petitioner never presented his federal claim as to the culpable intent issue

---

**3.** It should be noted that in petitioner's reply brief to the California Court of Appeal this contention was briefly presented. Petitioner claimed that the exclusion of the 1971 ruling invalidating the 1964 conviction from the trial was the exclusion of evidence as to an essential element of the crime, and therefore violated petitioner's substantive due process rights. (Reply Brief at page 37, note 7, page 54). But state remedies are not exhausted unless the claim is brought in the state's highest court. *Carothers v. Rhay, supra*, 594 F.2d at 228; *Mitchell v. Eyman*, 468 F.2d 856, 858–859 (9th Cir. 1972). Thus, the fact that the federal claim was made to the Court of Appeal is of no consequence to the issue of exhaustion before this Court.

to the California Supreme Court, never telling it what federal constitutional right was violated by the state's failing to prove any culpable intent on his part as allegedly required by California law. As the federal claim as to the culpable intent issue was never presented to the California Supreme Court, there has been no "fair presentation" of the claim to the state's highest court, and therefore petitioner has not exhausted state remedies as to this claim. Though this may seem to be a harsh result, the United States Supreme Court and the Ninth Circuit have strictly interpreted when federal claims have been exhausted in the state courts to advance the principle of comity.

In this circuit, a failure to exhaust state remedies with respect to one issue presented in a habeas corpus petition requires dismissal of the entire petition by the district court. (*Carothers v. Rhay, supra*, 594 F.2d 225, 228) Thus, the Court must dismiss the entire petition for failure to exhaust state remedies though petitioner has exhausted his state remedies as to his second asserted constitutional violation.

Petitioner contends that rather than dismiss the petition, the Court can order the petition held in abeyance until state remedies are exhausted if the Court is to find state remedies not to be exhausted. However, current case law indicates that the better practice is to dismiss the action unless special circumstances exist. *Slayton v. Smith*, 404 U.S. 53, 54, 92 S.Ct. 174, 175, 30 L.Ed.2d 209; *Galloway v. Stephenson*, 510 F.Supp. 840, 846 (M.D.N.C.1981).[4]

It should finally be noted that the Court has no reason to believe that the few exceptions to the exhaustion requirement exist in the present case.

Though petitioner has presented cogent constitutional objections to his conviction, the Court must dismiss the petition for writ of habeas corpus for failure to exhaust state remedies.

Good cause appearing therefor, IT IS HEREBY ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

---

4. The Court believes that the delay involved in dismissing the petition and requiring the filing of a new petition once state remedies have been exhausted, as compared to retaining the action on the Court's docket, is not significant. Once state remedies have been exhausted petitioner can immediately file his petition for writ of habeas corpus. A delay in issuing the Order to Show Cause should not be anticipated. And as the bulk of the research for a decision on the merits has already been undertaken by the parties, (but n.b. n.2) an early hearing date is likely.