**Robert GRUBBS, Appellant,**

v.

**Hoyt C. CUPP, Appellee.**

**No. 81–3307.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 5, 1982.

Decided Nov. 29, 1982.

James S. Coon, Portland, Or., for appellant.

Virginia L. Linden, Salem, Or., argued, for appellee; R. Wayne Torneby, Asst. Atty. Gen., Salem, Or., on brief.

Before GOODWIN and POOLE, Circuit Judges, and WILKINS *, District Judge.

PER CURIAM.

The appeal in this denial of habeas corpus relief raises the question whether the petitioner failed to exhaust state remedies. 28 U.S.C. § 2254.

Oregon has a comprehensive post-conviction relief statute which affords state prisoners relief similar to that which can be sought in federal court when constitutional defects in state court convictions are alleged. Or.Rev.Stat. 138.510 *et seq.*

The prisoner did not press his collateral attack either to the Oregon Court of Appeals or to the state Supreme Court. He says he was advised by counsel that a petition for review in the state system would have been futile. He filed a petition for habeas corpus in federal court after receiving a letter from his counsel saying that counsel could do no more for him.

■ Exhaustion of state remedies, as required by 28 U.S.C. § 2254(b), includes an application to the state's highest court, even if in some cases the effort is futile. *Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th

* The Honorable Philip C. Wilkins, Chief Judge, United States District Court for the Eastern District of California, sitting by designation.

Cir 1981); *Carothers v. Rhay*, 594 F.2d 225, 228 (9th Cir. 1979).

■ The cause is remanded to the district court for that court to determine whether the prisoner's failure to seek post-conviction relief in the state courts, or his failure to appeal, constituted deliberate bypass of an available state remedy or whether he can show that his failure should be excused and cause and prejudice found. *Engle v. Isaac,* 456 U.S. 107, 102 S.Ct. 1558, 71 S.Ct. 783 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); *Ventura v. Cupp,* 690 F.2d 740 (9th Cir., 1982).

Vacated and remanded.