Argued and submitted January 31, conviction affirmed and remanded for resentencing March 8, petition for review denied June 13, 1995 (321 Or 268)

# STATE OF OREGON,
*Respondent,*

*v.*

# MEHRAN MONTAZER,
*Appellant.*

(10-93-07185; CA A84485)

891 P2d 662

Steven V. Humber, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Richard D. Wasserman, Assistant Attorney General, argued the cause for respondent. With him on the brief were

Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

Defendant was convicted of sexual abuse in the first degree. ORS 163.427. He was sentenced to a period of imprisonment "not to exceed eighteen (18) months." He appeals from the judgment, arguing that the trial court erred in its admission of certain evidence. He also argues that the court erred in not sentencing him to a definite term of imprisonment. We remand for resentencing.

We conclude that the trial court did not err in admitting the disputed evidence and affirm that assignment of error without discussion. Defendant's challenge to the sentence imposed by the trial court is that the sentencing guideline rules require the court to impose a *definite* sentence and that the court's imposition of a term of imprisonment "not to exceed eighteen (18) months" violates that requirement. OAR 253-05-005.

■      The state first argues, relying on *State v. Guyton*, 126 Or App 143, 148, 868 P2d 1335, *rev den* 319 Or 36 (1994), that, under ORS 138.222(2)(a), defendant's sentence is not reviewable because it is within the presumptive sentencing range under the guidelines. The parties agree that the applicable gridblock was 8-I and that the presumptive sentence under that gridblock is 16 to 18 months. The problem here, however, is that the trial court identified the *range* but not the specific *term* of imprisonment and, therefore, technically it was not a presumptive sentence. Accordingly, ORS 138.222(2)(a) does not preclude our review of that portion of the judgment in which the trial court imposed only a sentence range.

■      It is undisputed, however, that defendant did not preserve this objection before the trial court. Accordingly, we need to determine whether this defect in the imposition of sentence is "apparent on the face of the record." *See* ORAP 5.45(2). We conclude that it is. On the face of the record, it is apparent that the trial court did not identify a definite term of imprisonment as the rule requires. *State v. Tremillion*, 111 Or App 375, 826 P2d 95, *rev den* 313 Or 300 (1992). The state argues that our decision in *Tremillion* is distinguishable, because the court's order here does state the length of the term of incarceration—18 months. However, we simply do

not agree that the length of the sentence to be served is clear from the court's order.

■ As discussed above, the court identified a sentence range, but did not impose a determinate term, as required by the applicable rules. Because of the difficulties in administering such an indefinite "sentence," and because the correction of this error may be accomplished with a minimum of judicial time, we are persuaded to exercise our discretion and review this unpreserved error. We remand for resentencing.

Conviction affirmed; remanded for resentencing.