Thomas Arthur BOGGS, Petitioner,

v.

Anthony SANTOS, Superintendent,
Eastern Oregon Correctional
Institution, Respondent.

No. Civ. 03–572–HA.

United States District Court,
D. Oregon.

April 22, 2004.

Steven T. Wax, Federal Public Defender, Portland, OR, for Petitioner.

Douglas Park, Department of Justice, Lynn David Larsen, State of Oregon Department of Justice, Salem, OR, for Respondent.

## OPINION AND ORDER

HAGGERTY, Chief Judge.

Petitioner filed a *pro se* petition for writ of habeas corpus on May 1, 2003 (Doc. # 2) pursuant to 28 U.S.C. § 2254. On January 23, 2004, petitioner filed motions for summary judgment and immediate release (Docs.# 27, 30). Petitioner filed a second motion for summary judgment (Doc. # 34) on February 5, 2004. Petitioner asserts that his current sentence violates Oregon law and the Fourteenth Amendment of the United States Constitution because the judgment imposing his sentence does not contain a fixed term of prison and post-prison supervision.

At a hearing held on February 13, 2004, the court denied petitioner's Motion for Immediate Release.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is an inmate at the Eastern Oregon Correctional Institution. On October 20, 2000, petitioner pled guilty to one count of Felony Assault in the Fourth Degree. This is a Class C felony because petitioner committed the assault in the presence of his minor daughter. *See* O.R.S. 163.160(3)(c). The maximum allowable sentence for a Class C felony is sixty months. O.R.S. 161.605(3).

The plea agreement provided, "In return for my plea to this crime, the District Attorney has agreed to do the following things: Agree to grid 6E, both sides free to argue sentence. PSI. Dismiss counts 2–3–4." At petitioner's sentencing in January 2001, the prosecutor represented that petitioner's criminal history is a category "A", but that it may be incorrect depending on the petitioner's criminal history as revealed in petitioner's PSI report. The trial court found petitioner's criminal history to be a category "A", and double-departed in order to sentence petitioner to sixty months in prison.

The trial judge sentenced petitioner to sixty months in prison and twenty-four months of post-prison supervision. The sentence violated OAR 213–005–0002(4), which provides that the "term of post-prison supervision, when added to the prison term, shall not exceed the statutory maximum indeterminate sentence for the crime of conviction."

Petitioner appealed his conviction and sentence. During his appeal, petitioner's counsel filed a Motion to Enter Amended Judgment (No Hearing Requested) with the Marion County Circuit Court. In petitioner's supplemental appellate brief and reply, he raised the invalidity of the sentence as an error apparent on the face of the record. In August 2001, the court amended the judgment *nunc pro tunc* to

provide: "the term of prison and the term of post-prison supervision shall together not exceed 60 months."

In March 2003, petitioner attempted to challenge the amended judgment by writing a letter to the Marion County Circuit Court. Petitioner claimed that the Department of Corrections did not acknowledge the trial judge's amended order because it did not separate the prison and post-prison supervision terms. *See* OAR 213–005–0002(4). Petitioner sent another letter in October 2003, but the trial court summarily denied petitioner's request as moot. The state informed petitioner that the claims he was asserting were not being presented in a procedural context wherein their merits would be considered.

Petitioner then directly appealed his sentence to the Oregon Court of Appeals. The Oregon Court of Appeals affirmed the trial court's order. Petitioner petitioned for review by the Oregon Supreme Court and raised the same issues by incorporation of his previously filed pleadings in the Oregon Court of Appeals. The Oregon Supreme Court denied review.

### ARGUMENT

Petitioner moves for summary judgment on the grounds that: (1) his sentence violates state and federal law because it is vague and indefinite; and (2) the government breached its plea agreement. Petitioner asserts that both claims constituted due process violations.

The government contends that summary judgment should be denied because petitioner's grounds for relief are procedurally defaulted.

### STANDARDS

The Federal Rules of Civil Procedure apply to habeas proceedings "to the extent that the practice in such proceedings is not set forth in statutes of the United States ... and has heretofore conformed to the practice in civil actions." Fed.R.Civ.P.

81(a)(2). *See also Blackledge v. Allison,* 431 U.S. 63, 80–81, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977) (recognizing that summary judgment is appropriate in habeas proceedings); 28 U.S.C. § 2243.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

■ Under the Due Process Clause of the Fourteenth Amendment, persons have a protected liberty interest in not being subjected to excessive punishment. *See Bd. of Pardons v. Allen,* 482 U.S. 369, 107 S.Ct. 2415, 96 L.Ed.2d 303 (1987). Federal habeas corpus relief is available when a state court has erroneously sentenced a petitioner in deprivation of his or her liberty interests. *Wasko v. Vasquez,* 820 F.2d 1090, 1091 n. 2 (9th Cir.1987)

### ANALYSIS

■ A petitioner must exhaust all state remedies on all claims alleged in a Section 2254 petition unless there is an absence of available state corrective procedures, or such procedures are ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1); *James v. Borg,* 24 F.3d 20 (9th Cir.1994). To exhaust state remedies, a petitioner must present each of his claims to the state's highest court and that court must dispose of each claim on its merits. *Carothers v. Rhay,* 594 F.2d 225, 228 (9th Cir.1979). The petitioner must fairly present his federal claim to the appropriate state court, allowing the state court a meaningful opportunity to consider the claims. *Picard v. Connor,* 404 U.S. 270, 276, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971).

Under Oregon law, criminal defendants may challenge the lawfulness of the judg-

ments imposing their sentences either through direct appeal or through a post-conviction relief proceeding. *See* O.R.S. 138.040—138.057; O.R.S. 138.510–138.680.

■ The government argues that petitioner's claim that his sentence violates state and federal law is procedurally defaulted because petitioner did not object to the sentence at the trial court level. Therefore, the question was not properly presented as a federal question to the Oregon Court of Appeals or the Oregon Supreme Court.

Under Oregon law, if a petitioner pleads guilty to a charge, he or she may challenge the lawfulness of the sentence during a direct appeal if the sentence exceeds the maximum permitted by law or is unconstitutionally cruel and unusual. O.R.S. 138.050. All other errors must be raised during collateral review. *See State v. Clevenger,* 297 Or. 234, 683 P.2d 1360 (1984).

■ An issue to be decided on appeal should be raised in the petitioner's opening brief as an assignment of error. ORAP 5.45(1). A claimed error in sentencing must be preserved in the lower court and assigned as error in the opening brief for it to be considered on appeal. *Id.* The exception to this rule is for "error[s] of law apparent on the face of the record." *Id.; State v. Montazer,* 133 Or.App. 271, 891 P.2d 662 (1995). To meet this exception, the error must be one of law not reasonably in dispute. *Ailes v. Portland Meadows, Inc.,* 312 Or. 376, 823 P.2d 956, 959 (1991). Thus, even if the petitioner fails to object to an issue at trial, petitioner may still appeal the issue if it is a legal error apparent on the face of the record. *State v. Brown,* 310 Or. 347, 800 P.2d 259, 265 (1990).

Petitioner asserts that the trial court's amended judgment resulted in an obvious error of law under *Montazer.* In *Montazer,* the trial court sentenced petitioner to a period of imprisonment "not to exceed eighteen months." *Montazer,* 891 P.2d at 663. The Oregon Court of Appeals found this to be an error apparent on the face of the record, and held that the trial court did not comply with the requirement of the sentencing guidelines to impose definitive sentences and remanded for sentencing. *Id.* at 663–64.

■ In this case, petitioner raised the invalidity of the sentence to the Oregon Court of Appeals in his supplemental brief and in his reply, and correspondingly, to the Oregon Supreme Court in his petition for review. This court finds that the state trial court's sentence of a term of prison and post-prison supervision "not [to] exceed 60 months" is unclear and nearly identical to the indefinite and unlawful sentence discussed in *Montazer.* Moreover, the court disagrees with the government's assertion that petitioner failed to raise this claim as a federal question. In petitioner's briefs, petitioner objected to the sentencing error, arguing that the amended judgment violated "an immense amount of federal and state constitutional right[s] under ... U.S. Const. Amend. VI, XII, XIV, XV." Accordingly, petitioner's sentence was an error apparent on the face of the record and was fairly and properly presented to the state courts as a violation of his federal due process rights. Petitioner's motion is granted insofar as it pertains to this claim.

Petitioner argues that the government breached its plea agreement during petitioner's sentencing. Without deciding the merits of this claim, the court finds that petitioner is still able to pursue this claim in a state post-conviction relief proceeding. *See* O.R.S. 138.530; 28 U.S.C. § 2254(b)(1). Accordingly, summary judgment is denied as to this claim.

## CONCLUSION

For the foregoing reasons, the court finds that the length of the sentence to be

served is unclear from the trial court's order. Pursuant to the court's reasoning in *Montazer*, this court orders that petitioner be released from custody immediately on his own recognizance pending the state's re-sentence of petitioner within thirty (30) days in conformance with state law.

Petitioner's writ for habeas corpus (Doc. # 2) is granted and petitioner's Motions for Summary Judgment (Docs.# 27, # 34) are GRANTED in part and DENIED in part.

IT IS SO ORDERED.