Lonnie THOMPSON, Petitioner–Appellant,

v.

William DUNCAN, Warden, Respondent–Appellee.

No. 03–16629.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2004.*

Decided Jan. 24, 2005.

As Amended on Denial of Rehearing March 4, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Lonnie Thompson, Bakersfield, CA, pro se.

Gary L. Huss, Wild, Carter & Tipton, PC, Fresno, CA, for Petitioner–Appellant.

Carlos A. Martinez, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: CUDAHY,** GRABER, and FISHER, Circuit Judges.

### MEMORANDUM***

Petitioner–Appellant Lonnie Thompson appeals from a district court ruling dismissing his petition for federal habeas relief on the ground that two of his claims had not been properly exhausted in earlier state habeas proceedings. The sole issue in this case is whether Mr. Thompson presented the California Supreme Court with a fair opportunity to rule on the merits of the claims presented in his federal petition. We have jurisdiction pursuant to 28 U.S.C. § 2253(c), and we reverse.

The Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2254(b)(1)(A), provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." So-called "mixed" petitions containing both exhausted and unexhausted claims are insufficient—*all* of a petitioner's claims must be properly exhausted before federal habeas relief becomes available. *Rose v. Lundy,* 455 U.S. 509, 510–11, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Carothers v. Rhay,* 594 F.2d 225, 228–29 (9th Cir.1979).

In order to satisfy the exhaustion requirement, a petitioner's claims must be "fairly presented" to the highest state court so that a ruling on the merits may be made. *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 844, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (requiring that state prisoners give state courts a *"fair* opportunity to act on their claims") (emphasis original). This requirement applies even if the state supreme court's review of the claim is discretionary, *Boerckel,* 526 U.S. at 848, and a claim is considered "fairly presented" only if the petitioner "present[s] the state courts with the same claim he urges upon the federal courts," *Picard,* 404 U.S. at 275–76; *see also Anderson v. Harless,* 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam) ("The habeas petitioner must have 'fairly presented' to the state

---

** The Honorable Richard D. Cudahy, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

courts the 'substance' of his federal habeas corpus claim"). The "mere similarity of claims is insufficient to exhaust." *Duncan v. Henry,* 513 U.S. 364, 366, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per curiam) (citing *Picard,* 404 U.S. at 276).

In the instant appeal we are called upon to evaluate under these exhaustion precedents two grounds for relief presented in Thompson's federal habeas petition. *Ground One* alleges that Mr. Thompson was "denied due process of law" since his prior felony conviction was not properly proven and he was not informed that he had a right to challenge the validity of his prior conviction under California's "three strikes" law: "[The] prosecution did not prove [a] prior [conviction] nor was I advised by counsel, or by the court[,] that I had a constitutional right to challenge the unproven strike prior, nor withdraw my plea. . . ." *Ground Two* alleges "ineffective assistance of counsel," asserting that Mr. Thompson's lawyer had erroneously informed him that his prior felony conviction would not be considered: "[C]ounsel told me 'don't worry[,]' that he had talked to the judge and [ ]he was going to strike the prior [conviction]. It didn't happen."

We are persuaded that the substance of these claims was "fairly presented" to the California Supreme Court in Mr. Thompson's earlier state petition, which alleged both that "[p]etitioner was denied due process under the Fourteenth Amendment where the evidence was insufficient as a matter of law to prove truth beyond a reasonable doubt that petitioner suffered the prior conviction," and that petitioner admitted to a prior conviction, which should not have been considered at trial, based solely upon his lawyer's erroneous and misleading legal advice. Although the federal and state petitions do not present these claims in identical terms, it is clear that the legal infirmities alleged in both petitions are the same. Additionally, we are mindful that our precedents demand a generous reading of pro se petitions like Thompson's. *See Sanders v. Ryder,* 342 F.3d 991, 999 (9th Cir.2003) ("[F]or the purposes of exhaustion, pro se petitions are held to a more lenient standard than counseled petitions."), *cert denied,* 541 U.S. 956, 124 S.Ct. 1661, 158 L.Ed.2d 392 (2004); *Peterson v. Lampert,* 319 F.3d 1153, 1159 (9th Cir.2003) (en banc) (same).

In light of the foregoing, the district court should not have dismissed Thompson's petition on exhaustion grounds, but should have proceeded to the merits of Thompson's two claims.[1]

REVERSED and REMANDED.

---

1. Thompson has or had an additional claim (Claim 3) as to which no appeal was certified, perhaps because this claim was in major part a restatement of claims 1 and 2. The state has waived any argument that this claim renders the petition mixed, and in any event the claim has been or will be withdrawn.